IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LARRY KINGSBURY, | : | No. 05cv1653 |
| | : | |
| Plaintiff | : | (Judge Jones) |
| | : | |
| v. | : | |
| | : | (Magistrate Judge Blewitt) |
| MS. EDWARDS, Unit 3-B Manager, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM AND ORDER**

**November 8, 2005**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Plaintiff, Larry Kingsbury ("Plaintiff" or "Kingsbury"), an inmate at the Federal Correctional Institution at Schuylkill ("FCI-Schuylkill"), filed this <u>Bivens v. Six Unknown Names Agents of Fed. Bur. of Narcotics</u>, 403 U.S. 388 (1971) ("<u>Bivens</u> action"), proceeding *pro se*, pursuant to 28 U.S.C. § 1331 on August 15, 2005. (<u>See</u> Rec. Doc. 1).

This case was referred to Magistrate Judge Thomas M. Blewitt for preliminary review. On September 22, 2005, Magistrate Judge Blewitt issued a report and recommendation within which he concluded that all of Plaintiff's claims against Defendant should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and he specifically recommended that Plaintiff's Eighth Amendment claims, First

1

Amendment retaliation claim, and Fifth Amendment due process claim be dismissed.

Objections to the Magistrate Judge's Report were due on October 6, 2005 and to date none have been filed. This matter is now ripe for disposition.

**FACTUAL BACKGROUND:**

As the Magistrate Judge provided a detailed summary of the factual background and procedure history of the case sub judice, we will provide a brief summary at this juncture. Plaintiff alleges that during 2004-2005, while incarcerated at FCI-Schuylkill and while Defendant was his Unit Manager, Defendant continuously exhibited "egregious, unprofessional, and reprehensible behavior in a biased and vindictive form" against him and that Defendant has exposed him to "undue ridicule, negative conditions," hardships, "fright, intimidation" and a hostile prison environment. (Rec. Doc. 1, at 2, ¶ IV; see also Rep. & Rec. at 4). Plaintiff's action is based upon his removal from a prison job and upon Defendant's stated behavior towards him over time.

As the Magistrate Judge explained, Plaintiff is essentially claiming that his conditions of confinement at FCI-Schuylkill violate the Eighth Amendment, that Defendant retaliated against him in violation of the First Amendment, and that his Fifth Amendment due process rights were violated by Defendant's alleged

2

arbitrary acts.

**STANDARD OF REVIEW**:

When no objections are made to a magistrate's report, the district court is not statutorily required to review a magistrate judge's report before accepting it. See Thomas v. Arn, 474 U.S. 140, 149-50 (1985).  According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report."  Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987).  When a district court accepts a magistrate judge's report, the report becomes the judgment of the court.  Id.

**DISCUSSION:**

Our review of this case confirms Magistrate Judge Blewitt's determinations and well-reasoned analysis, and while we have not been presented with any reason to revisit them, we do reiterate the salient aspects of the Magistrate Judge's report.

First, the Supreme Court has instructed that conditions of confinement will violate the Eighth Amendment if the following two-prong test is satisfied: (1) the deprivation is sufficiently serious; and (2) deliberate indifference by the prison official defendants.  Farmer v. Brennan, 511 U.S. 825, 832-4 (1994).  We are in agreement with the Magistrate Judge that Plaintiff has not sufficiently alleged a constitutional violation with respect to the alleged prison conditions as he has

asserted that he suffered only mental anguish and stress as a result of Defendant's alleged behavior, which does not constitute the type of wanton and unnecessary infliction of pain as required by the Eighth Amendment's prohibition of cruel and unusual punishment. (Rep. & Rec. at 9). In addition, Plaintiff has not asserted that Defendant was deliberately indifferent to his basic human needs. Accordingly, Plaintiff has failed to establish a viable Eighth Amendment cause of action against Defendant Edwards.

Second, with regard to Plaintiff's First Amendment retaliation claim, an inmate must prove that the conduct which led to the alleged retaliation was constitutionally protected, that he suffered adverse action at the hands of the prison officials, and that a causal connection existed between the adverse action and the constitutional right. Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001). As the Magistrate Judge submits, although Plaintiff claims that Defendant's alleged behavior violates his First Amendment free speech rights and that he cannot complain about her conduct for fear of retaliation by her, he readily admits and his exhibits demonstrate that he has filed both grievances and this civil action against Defendant. (Rep. & Rec. at 14). Importantly however, Plaintiff does not allege any adverse action by Defendant as a result of his filing of such grievances and this civil action against her. Therefore, we agree with the Magistrate Judge that since

there is no claim that Defendant Edwards retaliated against Plaintiff due to his grievances and civil action, Plaintiff's pleading is insufficient as a matter of law to show that this alleged conduct constituted adverse action against him.  In addition, the alleged conduct of Defendant which Plaintiff asserts made him fearful of exercising his First Amendment rights, namely harassment, intimidation, and verbal abuse, does not rise to the level of a constitutional violation.  Id. at 15.  Consequently, Plaintiff's First Amendment retaliation claim shall be dismissed.

Finally, Plaintiff has asserted Fifth and Fourteenth Amendment due process claims against Defendant.  Plaintiff argues that Defendant had him removed from his prison orderly job in Unit 3-B even though the DHO did not authorized this as a sanction for his misconduct violation and he seeks reinstatement to such position.  We are in agreement with the Magistrate Judge that Plaintiff lacked a protected liberty interest in his former prison job.  Wolfe v. Pa. Dep't of Corr., 334 F.Supp.2d 762, 773 (E.D. Pa. 2004) ("To prevail on a non-legislative substantive due process claim, a plaintiff must establish as a threshold matter that he has a protected property [or liberty] interest to which the Fourteenth Amendment's due process protection applies.")(internal citations omitted).  As there is no Fifth Amendment right implicated in the removal of Plaintiff from his prison job, Plaintiff's Fifth and Fourteenth Amendment due process claims shall be dismissed.

Our review of this case confirms Magistrate Judge Blewitt's determinations and we have not been presented with any reason to revisit them. Because we find no error in Magistrate Judge Blewitt's Report and Recommendation and because no objections have been filed, we will adopt it as our own for the reasons cited herein.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. Magistrate Judge Blewitt's Report and Recommendation (doc. 7) is adopted in its entirety.

2. Plaintiff's Eighth Amendment claims, First Amendment retaliation claim, and Fifth Amendment due process claim shall be dismissed with prejudice.

3. The Clerk shall close the file on this case.

s/ John E. Jones III  
John E. Jones III  
United States District Judge